UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20365-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO PETIT,                **REPORT AND RECOMMENDATION**

    Defendant.
_____/

On or about November 11, 2011, court-appointed defense counsel Andre Pierre ("Counsel") submitted a voucher application numbered FLS 11 1953 with appended time sheets requesting $20,845.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a Sealed Motion to Exceed Statutory Cap (the "Sealed Motion") in support of his voucher application. Counsel represented Defendant Francisco Petit ("Defendant") for nearly six (6) months from May 17, 2011 until November 8, 2011.

Counsel seeks $20,845.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Cecilia M. Altonaga entered an Order of Reference **[DE # 161]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the United States Attorney filed a Criminal Complaint **[DE # 1]** charging Defendant and three co-defendants with conspiracy to possess, with intent to distribute, cocaine. The grand jury later returned an Indictment **[DE # 25]** against Defendant and the three co-defendants.

The Indictment contained four counts. In Count I, the government alleged that Defendant and his three codefendants conspired in April and May 2011 to import cocaine into the United States. In Count II, the government alleged that the four defendants imported cocaine into the United States in May 2011. In Count III, the government alleged that the defendants conspired to possess, with intent to distribute, cocaine in May 2011. In Count IV, the government further alleged that the defendants attempted to possess, with intent to distribute, cocaine also in May 2011. Defendant faced a possible term of life imprisonment for each count.

Second, this case was extremely document intensive. According to Counsel, this case involved a voluminous amount of discovery consisting of "35 DVDs containing more than 60 hours of video and about 7 CDs containing telephone calls and photos." (Sealed

Motion). The government produced extensive surveillance records which Counsel had to review in order to prepare his defense. The volume of documents which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

Third, unlike many criminal cases, this matter proceeded to trial. The trial lasted eleven days. After a lengthy trial, Defendant was acquitted on all counts. **[See DE # 143]**.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 76.5 in-court hours totaling $8,415.00. The CJA administrator made changes both to the hourly rate used by Counsel on the voucher and to the total amount of compensation sought for the in-court hours listed in the voucher. The CJA administrator corrected the hourly rate to $125.00/hour (Counsel had used the incorrect rate of $110.00/hour) and raised the total amount of compensation sought for in-court hours to $9,562.50.

The CJA administrator also reviewed the 113.0 out-of-court hours sought by Counsel. Counsel sought compensation for 8.3 hours for "Interviews and conferences" and 80.8 hours for "Obtaining and reviewing records." Counsel also listed 21.0 for "Travel time" and sought

compensation for 2.9 hours for Legal research and brief writing. Counsel did not seek any time for "Investigative and Other work."

The CJA administrator again increased the hourly rate used by Counsel to $125.00/ hour for the out-of-court time listed on the voucher. This raised the total amount of compensation sought by Counsel for out-of-court hours to $14,125.00 (from $12,430.00). After making the adjustments described above, the CJA administrator concluded that the overall total amount documented by Counsel in the voucher increased from $20,845.00 to $23,687.50.

### In-Court Hours[1]

Counsel sought 76.5 in-court hours totaling $8,415.00. Again, the CJA administrator increased the total sought for in-court hours to $9,562.50 after increasing the applicable hourly rate. I approve the amount of $9,562.50 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought 113.0 out-of-court hours. The CJA administrator reviewed the voucher and increased the hourly rate used for the out-of-court hours to $125.00/ hour, thereby increasing the amount sought for out-of-court hours to $14,125.00. I approve this correction to the applicable hourly rate.

In Judge Altonaga's Order **[DE # 161]** referring Counsel's voucher application to the undersigned, she expressed concern regarding "numerous questionable entries" in the voucher. Specifically, she identified Counsel's "entries for work related to travel to the

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Federal Detention Center and travel to the Miami River" as troublesome entries.

In my initial review of Counsel's voucher application, I was immediately struck by the lack of specificity and detail in the voucher. Counsel's voucher contained many entries for out-of-court hours that were so unspecific that the undersigned could not determine the purpose of the entries. Counsel's voucher contained the following entries, for example:

| | | |
|---|---|---|
| 5/19/11 | Legal Research | 2.6 hours |
| 7/12/11 | Reviewed Discovery | 3.0 hours |
| 7/15/11 | Reviewed Discovery | 3.0 hours |
| 10/25/11 | Reviewed Records | 2.0 hours |
| 10/30/11 | Reviewed Records | 2.0 hours |

After reviewing the voucher, I requested that Counsel come to chambers to explain the vague entries. Counsel explained that he was traveling both abroad and out-of-state on business during the month of January 2011 and his schedule would make it difficult for him to personally appear in chambers. Consequently, my chambers scheduled a telephonic conference with call with Counsel to discuss the voucher in order to accommodate Counsel's schedule.

The conference call was scheduled to take place at 2:30 p.m. on January 17, 2012. Counsel failed to call chambers at the agreed upon time and he still has not attempted to contact chambers to explain his failure to participate in the conference call. I am therefore issuing this Report and Recommendation without the benefit of discussing many of the

questionable entries with Counsel.[2]

Counsel has not explained the nature of the "Legal Research" performed on May 19, 2011. The entry on the voucher simply states that Counsel performed 2.6 hours of "Legal Research" without elaboration.  As the undersigned has no information on which to determine the purpose of the entry, it is impossible to determine whether the time spent on this task was justified.  Accordingly, I recommend that the 2.6 hours spent on this task be eliminated.

Further, Counsel has not described the entries vaguely listed as "Reviewed Discovery" and "Reviewed Records" in the voucher.  Counsel seeks a total of 10.0 for these entries. Again, without the benefit of discussing these entries with Counsel, it is impossible for the undersigned to determine what discovery or records Counsel reviewed.  I therefore recommend that the 10.0 hours Counsel spent on these entries (dated 7/12/11, 7/15/11, 10/25/11 and 10/30/11) also be eliminated.

Counsel also included an entry for 2.0 hours for time spent "Review[ing] motion to sever and dismiss."  I have reviewed the docket and conclude that the 2.0 hours spent by Counsel reviewing these two pleadings is somewhat excessive.  The motion to sever **[See DE # 72]** was only one and one half pages long.  Further, the motion to dismiss the

---

[2]

During the initial telephonic discussion with Counsel regarding the voucher, he explained one of the areas of concern identified by Judge Altonaga - the entry for "Viewed Vessel at Miami River."  Counsel explained that he accompanied the assigned United States Attorney and other defense counsel to the Miami River to view the vessel where the drugs (that are the subject of this case) were allegedly found.  I conclude that Counsel's explanation of the reason for his visit to the "Miami River to view vessel" is justified and I approve the 1.6 hours spent viewing the vessel.

government's Rule 404(b) notice **[See DE # 66]** was only four pages long. I recommend that Counsel be compensated a total of 1.0 hour of time for simply reviewing these two entries.

Lastly, I must consider the large number of hours incurred by Counsel for travel. Judge Altonaga was specifically concerned about this issue in her Order referring this matter to the undersigned. In the voucher, Counsel seeks compensation for a total of 21.0 hours of travel time consisting of travel to and from the Federal Detention Center (5.0 hours), to and from the Court (15.0 hours) and to and from the Miami River (1.0 hour). Counsel seeks exactly one hour of time for roundtrip travel to each of these three destinations.

Counsel is a Miami practitioner (on the voucher, his office address is listed as 550 NE 124 Street, Miami, Florida 33161). His office is approximately 9.8 miles from the Wilkie D. Ferguson United States District Court House and the Federal Detention Center. With traffic, it is possible that round trip travel from Counsel's office to the federal court house complex could take one hour of time. Without traffic, however, Counsel should have been able to cover the 9.9 miles to the courthouse complex in less than twenty minutes each way.

It is also interesting to note that Counsel claims that every roundtrip lasted exactly one hour - with no exception. I planned to address this particular issue with Counsel during the scheduled telephone conference with chambers to discuss the voucher. Given that said telephone conference never took place and that Counsel has failed to offer an explanation for this large amount of travel time, I will reduce Counsel's travel time by one-third to 14.0 hours. The remaining out-of-court hours sought by Counsel (as adjusted by the CJA administrator) in the other categories in the voucher application are appropriate. Making this reduction explained above, I recommend that Counsel be paid a total of $11,550.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $11,550.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## CONCLUSION

I commend Counsel for his willingness to take this appointment; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith*, 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. As I explained above, however, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00. Based upon my review of the time sheets, the Sealed Motion to Exceed Statutory Cap, the docket and filings in this case, I RECOMMEND that Counsel be paid $21,112.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Cecilia M. Altonaga, United States District Judge.

Signed this 19th day of January, 2012.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
    Andre Pierre, Esq.
    Lucy Lara, CJA administrator